UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Robert F. Anderson, as Chapter 7 Trustee for the bankruptcy estates of Grinding Specialists, LLC and Grinding Specialists of the Carolinas, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Prosperity Jockey Lot, Inc.,<br><br>Defendant | Civil Action No. 8:20-cv-3565-TMC<br><br><br><br>**COMPLAINT** |

Robert F. Anderson, Chapter 7 Trustee (the "Trustee") for the substantively consolidated bankruptcy estates of Grinding Specialists, LLC and Grinding Specialists of the Carolinas, LLC (collectively, the "Debtors"), by and through his undersigned counsel, hereby alleges against the Defendant the following:

**PARTIES**

1.     The Trustee is the duly appointed, qualified, and acting Chapter 7 Trustee of the Debtors, with his appointment being made on March 27, 2019.

2.     Defendant Prosperity Jockey Lot, Inc. is a South Carolina corporation, with its principal place of business in Anderson County, South Carolina.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under Title 11 of the United States Code. Further this matter raises South Carolina state law claims which are property of Debtors' bankruptcy estates, and thus, this Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because it is incorporated in South Carolina, has its principal place of business in South Carolina, and because of its contacts with, actions in, and business conducted in the State of South Carolina.

5. This proceeding arises under Title 11 of the United States Code and arises in bankruptcy cases that are pending in the United States Bankruptcy Court for the District of South Carolina. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. The Trustees waive any right to a jury trial in this matter.

## FACTUAL ALLEGATIONS

7. On October 15, 2018 ("Petition Date"), Grinding Specialists, LLC and Grinding Specialists of the Carolinas, LLC filed separate, voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court. Grinding Specialists, LLC's bankruptcy case is designated as Case Number 18-05225-hb and Grinding Specialists of the Carolinas, LLC's bankruptcy case is designated as Case Number 18-05223-hb.

8. On March 26, 2019, both Grinding Specialists, LLC's and Grinding Specialists of the Carolinas, LLC's bankruptcy cases were converted from Chapter 11 cases to Chapter 7 cases.

9. On March 27, 2019, the Trustee was added as the Chapter 7 Trustee for Grinding Specialists, LLC and Grinding Specialists of the Carolinas, LLC.

10.     On November 13, 2019, this Court substantively consolidated Grinding Specialists, LLC's and Grinding Specialists of the Carolinas, LLC's bankruptcy cases.

11.     Within the two years immediately preceding the Petition Date, the Debtors transferred the following sums (the "Transfers") to the Defendant:

| Check No. | Payee | Check Date | Date Cleared | Amount |
|---|---|---|---|---|
| 8202 | Prosperity Jockey Lot | 6/27/17 | 6/29/17 | $15,000.00 |
| | | | Total: | $15,000.00 |

12.     Upon information and belief, the Debtors received no benefit from the Transfers and did not owe any obligation to the Defendant.

13.     Upon information and belief, the Debtors received no consideration for the Transfers.

14.     Upon information and belief, the insiders of the Debtors or other entities owed money to the Defendant.   Simply, the Transfers were for the benefit of the insiders of the Debtors or other entities and not for the benefit of the Debtors.

15.     Upon information and belief, the Debtors owed certain creditors during the periods of these Transfers, included on the bankruptcy schedules of the Debtors or pursuant to proofs of claim filed in the Debtors' bankruptcy cases, including but not limited to the Internal Revenue Service (collectively, the "Existing Creditors").

16.     The Debtors are still indebted to the Existing Creditors.

17.     Upon information and belief, at the time of the Transfers, the Debtors were insolvent, in that their liabilities exceeded their assets and they were unable to pay their debts as they became due.

18.     To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared or otherwise were made post-petition, the Trustee reserves the right to amend this Complaint to include: (i) further information regarding the pre-petition transfers, (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to the Trustee at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## FOR A FIRST CAUSE OF ACTION
### (Setting Aside of Fraudulent Conveyance Pursuant to 11 U.S.C. § 544 and S.C. CODE ANN. § 27-23-10 for Transfer Made Without Valuable Consideration)

19.     The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

20.     Under South Carolina law,

> (A) Every gift, grant, alienation, bargain, *transfer,* and conveyance of lands. ... goods and chattels or any of them, ... which may be had or made ... for any intent or purpose to delay, hinder, or defraud *creditors and others* of their just and lawful *actions, suits, debts, accounts, damages,* penalties, and forfeitures must be deemed and taken (only as against that person or persons, his or their heirs, successors, executors, administrators and assigns ... ) to be clearly and utterly void ... and of no effect, ... any other matter or thing to the contrary notwithstanding.

S.C. CODE ANN. § 27-23-10 (emphasis added).   This section of the South Carolina Code is often referred to as the Statute of Elizabeth.   The basic principle of the Statute of Elizabeth is that one must do equity before one can be generous.

21. The Transfers made to the Defendant belonged to the Debtors.

22. The Transfers to the Defendant were made voluntarily for either no consideration or for inadequate consideration.

23. Under South Carolina law, the South Carolina Supreme Court has held as follows:

> We have held that under [the Statute of Elizabeth], conveyances shall be set aside under two conditions: First, where the transfer is made by the grantor with the actual intent of defrauding his creditors where that intent is imputable to the grantee, even though there is a valuable consideration; and, second, where a transfer is made without actual intent to defraud the grantor's creditors, but without consideration.... If the transfer was not made on a valuable consideration, no actual intent to hinder or delay creditors needs be proven.

*Windsor Props., Inc. v. Dolphin Head Constr. Co.,* 331 S.C. 466, 470–71, 498 S.E.2d 858, 860 (1998).

24. Under 11 U.S.C. § 544, as a judgment creditor, the Trustee may set aside those conveyances as a judgment creditor. Thus, pursuant to the Statute of Elizabeth, conveyances may be set aside when there is no or inadequate consideration. In this case, the Defendant received the Transfers for no or inadequate consideration flowing back to the Debtors.

25. The Transfers were made while the Debtors were insolvent or rendered the Debtors insolvent.

26. At all times during which the Transfers were made, the Debtors were indebted to the Existing Creditors, as included on the bankruptcy schedules of the Debtors or pursuant to proofs of claim filed in the Debtors' bankruptcy cases.

27. The Existing Creditors remain unpaid and have allowable unsecured claims in the Debtors' bankruptcy cases.

28. The Debtors failed to retain sufficient property to pay the indebtedness owing to the Existing Creditors.

29. Even if the Defendant was to show that it paid consideration over and above the consideration as reflected in the Debtors' bank accounts, the Transfers should still be set aside as transfers done with actual intent of defrauding creditors.

30. To show actual intent, courts rely upon "badges" of fraud. In this case, the badges include, but are not limited to: (a) the Transfers were done by Debtors to insiders, (b) there was no or inadequate consideration paid, (c) the Transfers were when the Debtors were insolvent, (d) the Debtors were under pressure from creditors at the time of the Transfers and (e) the Transfers left the Debtors with insufficient assets to pay their debts as they became due.

31. Wherefore, the Trustee prays that the Court set aside the Transfers as fraudulent conveyances pursuant to S.C. CODE ANN. § 27-23-10 and 11 U.S.C. § 544.

## FOR A SECOND CAUSE OF ACTION
### (Fraudulent Conveyance Pursuant to 11 USC § 548)

32. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

33. Pursuant to 11 U.S.C. § 548(a)(1)(B), a trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation; and

  a. was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

  b.  was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

  c.  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

  d.  made such transfer to or for the benefit of an insider or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

34. The Debtors, while insolvent or rendered insolvent as a result thereof, did, within two years of the Petition Date, voluntarily and without adequate consideration, make the Transfers to the Defendant.

35. The Debtors received less than reasonably equivalent value in exchange for the Transfers. As stated herein, the insiders of the Debtors or other entities owed money to the Defendant, and that the Transfers were for the benefit of the insiders of the Debtors or other entities and not for the benefit of the Debtors.

36. Further, upon information and belief and pursuant to 11 U.S.C. § 548(a)(1)(A), the Debtors made the Transfers with actual intent to hinder, delay, and defraud their creditors.

37. The Transfers are not exempt from execution and liability for debts by the law of South Carolina; that, by virtue of the bankruptcy laws of the United States, the Transfers, by reason of the above-described fraudulent nature of the Transfers, remained a part of the assets and estate of Debtors, and passed to the Trustee.

38.     Pursuant to 11 U.S.C. § 548, Trustee may recover from the Defendant the amount of the Transfers for the benefit of Debtors' estate.

39.     Wherefore, the Trustee prays that the Court set aside the Transfers as fraudulent conveyances pursuant to 11 U.S.C. § 548.

### FOR A THIRD CAUSE OF ACTION
### (Recovery of Avoided Transfers and Judgment against Defendant for Value of Fraudulent Conveyance Pursuant to 11 U.S.C. § 550(a)(1))

40.     The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

41.     The Trustee is entitled to avoid the Transfers pursuant to S.C. CODE ANN. § 27-23-10 and 11 U.S.C. §§ 544, 548.

42.     The Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

43.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover the Transfers from the Defendant and is entitled to a judgment against the Defendant for the value of the funds transferred to it.

44.     Pursuant to the analysis of the bank accounts, the value of the funds transferred to the Defendant is the amount of the Transfers.

45.     Wherefore, the Trustee prays for judgment against the Defendant in the amount of the Transfers.

WHEREFORE, the Trustee prays for judgment against Defendant for:

a.     An order setting aside the transfer of the Transfers;

b. Judgment against the Defendant in the amount of Fifteen Thousand and 00/100 ($15,000.00) Dollars, together with pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

c. An order requiring the Defendant to pay for the costs and attorney fees of the Trustee for bringing this Action; and

d. Such other and further relief as the court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ B. Keith Poston
  B. Keith Poston
  SC Bar No. 78397
  Fed. Bar No. 10599
  E-Mail: keith.poston@nelsonmullins.com
  1320 Main Street / 17th Floor
  Post Office Box 11070 (29211-1070)
  Columbia, SC   29201
  (803) 799-2000

Attorneys for Robert F. Anderson, Chapter 7 Trustee for Grinding Specialists, LLC and Grinding Specialists of the Carolinas, LLC

Columbia, South Carolina
October 9, 2020